**JENNER & BLOCK LLP**
Todd C. Toral (Cal. Bar No. 197706)
ttoral@jenner.com
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Phone:          (213) 239-5100
Facsimile:     (213) 239-5199

**CALIFORNIA TRIBAL FAMILIES COALITION**
Kimberly Cluff (Cal. Bar No. 196139)
kimberly.cluff@caltribalfamilies.org
3053 Freeport Boulevard, Suite 154
Sacramento, CA 95818-4346
Phone:          (916) 583-8289

Attorneys for Plaintiffs
Bear River Band of Rohnerville Rancheria Tribe and
Madison Fisher

(additional counsel on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAR RIVER BAND OF ROHNERVILLE RANCHERIA TRIBE, a federally recognized Indian Tribe, and MADISON FISHER, an individual, | Case Number: 4:23-CV-01809-HSG |
| | The Honorable Haywood Gilliam, Jr. |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION** |
| v. | |
| CALIFORNIA DEPARTMENT OF SOCIAL SERVICES; HUMBOLDT COUNTY; HUMBOLDT COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES; KIM JOHNSON (individually and in her official capacity as Director of the California Department of Social Services); CONNIE BECK (individually and in her official capacity as Director of Humboldt County's Department of Health and Human Services); and DOES 1 through 25, inclusive, | Trial Date:      None Set<br>Action Filed:   March 14, 2023 |
| Defendants. | |

1

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery activity in this action will involve production of private or confidential information, including records contained in or related to Humboldt County juvenile case files,[1] for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to Protected Material as defined herein.  The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1  <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information as Confidential Information under this Order.

2.2  <u>Confidential Information</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including any information that is subject to state or federal confidentiality laws, including the provisions of California Welfare and Institutions Code (WIC) §§ 827 and 10850, California Health & Safety Code (HSC) § 11845.5, California Education Code §§ 49075 & 49076, the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA), PL 104-191, the federal Drug Abuse Office and Treatment Act of 1972 (PL 92–255), the federal Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970 (PL 91–616), and the federal Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.  Confidential Information does not include information that

---

[1]     Under California law, "'juvenile case file' means a petition filed in a juvenile court proceeding, reports of the probation officer, and all other documents filed in that case or made available to the probation officer in making the probation officer's report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer."  Cal. Welf. & Inst. Code § 827, subd. (e); see also Cal. Rules of Court, Rule 5.552. The juvenile case file is broader than the "juvenile court record," which is defined as "[t]he order and findings of the superior court in each case under the provisions of [Chapter 2 of the Welfare and Institutions Code, Juvenile Court Law]" and which are entered into the written record of the court and are "kept for that purpose."  Cal. Welf. & Inst. Code § 825.

is subject to exceptions to state and federal evidentiary privileges or state and federal exceptions to confidentiality.  Confidential Information includes, but is not limited to, the following:

A)  <u>Juvenile Case File</u>: which includes, consistent with WIC section 827(e) and Cal. Rules of Court, Rule 5.552, a petition filed in a juvenile court proceeding, reports of the county child welfare social worker or probation officer submitted to the court, and all other documents filed in that case or made available to the county child welfare social worker or probation officer in making the reports to the court, or to the judge, referee, or other hearing officer, and thereafter retained by the county child welfare social worker or probation officer, judge, referee, or other hearing officer, including but not limited to the following items:

    i)  All documents filed in a juvenile court case;

    ii)  Reports to the juvenile court by the county child welfare social worker or probation officers and Court Appointed Special Advocates (CASA) volunteers;

    iii)  Documents made available to the county child welfare social worker or probation officer and CASA volunteers in preparation of reports to the court;

    iv)  Documents relating to a child concerning whom a petition has been filed in juvenile court that are maintained in the office files of the county child welfare social worker or probation officer and CASA volunteers;

    v)  Transcripts, records, or reports relating to matters prepared for the court or released by the court to the county child welfare social worker or probation officer; and

    vi)  Documents, video or audio tapes, photographs, and exhibits admitted into evidence at juvenile court hearings; and

B)  <u>Personally Identifying Information</u>: which means, consistent with California Civil Code section 1798.80(e), means any information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, [their] name, signature, social security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information, medical information, or health insurance information.  It does not include publicly available information that is lawfully made available to the general public from federal, state, or local government

records.  If a Designating Party determines that information not described in this paragraph should be designated Personally Identifiable Information, the Parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information.

2.3  <u>Counsel</u> (without qualifier): counsel of record (as well as their support staff).

2.4  <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential Information."

2.5  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8  <u>Counsel of Record</u>: Attorneys retained to represent or advise a party to this action and who have appeared in this action on behalf of that party.

2.9  <u>Party</u>: any party to this action, including all of its officers, directors, employees, named persons, their consultants, retained experts, and Counsel of Record.  For the Bear River Band of Rohnerville Rancheria Tribe, members of the Tribal Council and employees of the tribal Department of Social Services; for the County of Humboldt, members of the Board of Supervisors and employees of the County Counsel's Office.

2.10  <u>Privileged Material</u>: Discovery Material that is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or doctrine.

2.11  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – JUVENILE CASE FILE" pursuant to this order, any of which designations may be referred to as a "CONFIDENTIAL" designation.

2.14  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  <u>SCOPE</u>

3.1  This order authorizes the Parties to:

A) Designate Protected material as subject to the terms, limitations, and requirements of this Order; and

B) Disclose and/or produce Protected Material in this Action, upon compliance with this Order.

3.2  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, subject to the limitations relating to use in depositions, discussed below.

3.3  The protections conferred by this Stipulation and Order do not cover the following information:

A) Any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and

B) Any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, if legally permissible,

or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

A) Documents

(i)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) that is not subject to the protections of WIC § 827, the Producing Party shall affix the legend "CONFIDENTIAL"

OR "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material.

(ii) For information in documentary form (e.g. paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) that are subject to the protections of WIC § 827, the Producing Party shall affix the legend "CONFIDENTIAL - JUVENILE CASE FILE" to each page that contains protected material.

(iii) A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(iv) If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

B) <u>Testimonial Evidence</u>.   For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

C) <u>Other Forms of Information</u>.  For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). Any information or tangible item subject to this subdivision that is from a Juvenile Case File shall be designated by the Producing Party as "CONFIDENTIAL - JUVENILE CASE FILE" in the same manner as described above.

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure

protection under this Order for such material.  If a Party inadvertently fails to designate material as confidential at the time of production, it shall promptly take reasonable steps to notify the Receiving Party of the inadvertent failure to designate.  The Designating Party shall concurrently, or promptly thereafter, supply the Receiving Party with new copies of any documents bearing corrected confidentiality designations.  Except in the event that the Receiving Party disputes the claim, any documents the Designating Party deems to have been inadvertently disclosed shall be, within five (5) court days, returned or destroyed, and the Receiving Party shall provide a written confirmation that all such disclosed information has been returned or destroyed.  In no event shall the rights of non-parties be waived solely by the failure of a Producing Party to designate Confidential Information.

Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.    Any Party or Non-Party may challenge a designation of confidentiality at any time.    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   Judicial Intervention.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.   Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.   In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.   Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. Except as otherwise required and authorized by law, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the

provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a) The court, its clerks and research attorneys;

b) Attorneys actively involved in the representation of a Party, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the litigation;

c) Any expert or consultant who is retained by any of the parties or their counsel of record to assist counsel in the litigation, and any employee of such an expert assisting in the litigation;

d) Any person called to testify as a witness either at a deposition or court proceeding in the litigation, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of the Protective Order, and provided with a copy of the Acknowledgment and Agreement to Be Bound, attached hereto as Exhibit A, and asked if he or she is agreeable, on the record, to be bound by the terms of the Protective Order and thus required not to disclose information contained in the materials designated as "CONFIDENTIAL." If the witness declines to agree to the terms of the Protective Order, he or she may still be questioned on any subject or document deemed "CONFIDENTIAL," subject to the sealing by the Court on the request of any party;

e) Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

f) Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms pursuant to the Agreement to Be Bound, attached hereto as Exhibit A.

g) Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents

and contractors) to whom disclosure is reasonably necessary to their involvement in the litigation;

h) Any person who created a document or was the recipient thereof; and

i) The Parties, including any council members, officers, board members, directors, or other legal representatives of the parties; and

j) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 All persons to whom Protected Material designated under this Order is disclosed are prohibited from disclosing to, or otherwise discussing with, any person, other than those also permitted to have copies pursuant to this Order, such Protected Material except as otherwise provided in this Order.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>
<u>LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated as confidential pursuant to the terms of this Order, that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated as confidential pursuant to this Order before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – JUVENILE CASE FILE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.  The Parties may also stipulate to addenda of this Order as may be necessary.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving

Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:    July 11, 2024                     JENNER & BLOCK LLP


                                      By:   */s/* Kate T. Spelman[2]
                                            _____
                                            Kate T. Spelman
                                            Todd C. Toral

                                            CALIFORNIA TRIBAL FAMILIES COALITION
                                            Kimberly Cluff

                                            *Attorneys for Plaintiffs Bear River Band of*
                                            *Rohnerville Rancheria Tribe and*
                                            *Madison Fisher*

Dated:    July 11, 2024                     ATTORNEY GENERAL OF CALIFORNIA


                                      By:   */s/* Joshua N. Sondheimer
                                            _____
                                            Rob Bonta
                                            Jennifer G. Perkell
                                            Joshua N. Sondheimer

                                            *Attorneys for Defendant California Department of*
                                            *Social Services*

Dated:    July 11, 2024                     GORDON-CREED, KELLEY, HOLL, ANGEL &
                                            SUGERMAN, LLP


                                      By:   */s/* Jeremy Sugerman
                                            _____
                                            Jeremy Sugerman


                                            *Attorneys for Defendants Humboldt County;*
                                            *Humboldt County Department of Health and Human*
                                            *Services; and Connie Beck, in her official capacity as*
                                            *Director of Humboldt County's Department of Health*
                                            *and Human Services*

---

[2] Pursuant to Civil Local Rule 5-1(h)(3), I, Kate T. Spelman, hereby attest that concurrence in the filing of this document has been obtained from Joshua N. Sondheimer and Jeremy Sugerman, counsel for Defendants.

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3

4  DATED:  7/12/2024

United States District
Judge Haywood S. Gilliam, Jr.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Bear River Band of Rohnerville Rancheria, et al. v. California Department of Social Services, et al.,* No. 4:23-CV_01809-HSG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION